Robert Lee PHILLIPS, Appellant,

v.

STATE of Texas, State.

No. 2–82–199–CR.

Court of Appeals of Texas, Fort Worth.

July 20, 1983.

Frank W. Sullivan, III, Fort Worth, for appellant.

**220**

C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for state.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

ASHWORTH, Justice.

A jury found Robert Lee Phillips guilty of rape, and after enhancement, set his punishment at confinement for life.

Judgment affirmed.

Phillips presents one ground of error. He contends the trial court erred in refusing to excuse venireman Newberry for cause.

The statement of facts reveals the following exchanges between the attorneys, Newberry, and the court:

[Mr. Willis]

The case we are trying here is a rape case, and the charge is rape. Is there anyone here that has any strong feelings about rape? I will take you row by row. Is there anyone on the first row that has any strong feelings that they would be willing to express on this?

[Show of hands.]

JUROR NEWBERRY: What do you mean by strong feelings?

MR. WILLIS: In other words, do you think you could fairly judge somebody on the guilt or innocence without considering the offense—without considering the offense at the guilt or innocence stage, do you think that you could fairly judge the individual based upon purely the testimony presented, without considering the offense itself?

MR. KREDELL: Your Honor, I object. I don't know how a juror could possibly—

THE COURT: Sustained.

MR. WILLIS: I will rephrase my question: Do you think that the fact that the offense charged is rape would change, in any way, the way you would consider the evidence in this case?

[Show of a hand.]

JUROR NEWBERRY: That's hard to say, because not knowing what the evidence is, I feel very strongly against the offense. I'll put it to you point-blank. I have two daughters and I damn sure—excuse my French—I darn sure wouldn't want it to happen to either one of them.

MR. WILLIS: I see. Do you feel as though you could fairly judge the evidence presented here without considering your daughters?

JUROR NEWBERRY: No, I truthfully couldn't say, "I couldn't."

MR. WILLIS: Your Honor, I would move to strike Mr. Newberry for cause.

THE COURT: Are you saying that the fact that you have two daughters would keep you from being fair equally to both sides, or do you feel like you could be fair to both sides?

JUROR NEWBERRY: I feel I could be fair to both sides, but by the same token, in my own mind would visualize or could visualize that same thing happening to either one of them, or to any woman.

THE COURT: I will overrule your challenge at this time.

MR. WILLIS: Note my exception, Your Honor.

■ V.A.C.C.P. art. 35.16(a)(8), provides that a venireman may be challenged for cause where "[H]e has a bias or prejudice in favor of or against the defendant; . . ." When the challenge is made, the court decides the qualifications of the juror. *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App. 1978).

Newberry's response, "No, I truthfully couldn't say, 'I couldn't' ", to the question if he could fairly judge the evidence without considering his daughters, is confusing to say the least. He earlier stated he felt strongly against the offense, and would not want it to happen to his daughters. He later stated he could be fair to both sides, but still could visualize it happening to his daughters, or any woman.

■ Newberry never states a bias or prejudice against White. He does state

that he has a bias against the offense of rape, but that is not grounds to excuse a juror for cause. *Wilson v. State,* 436 S.W.2d 542 (Tex.Cr.App.1968). The trial court did not err in refusing to excuse Newberry for cause.

Judgment affirmed.