**Opinion filed May 13, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00155-CV

_____

## IN THE MATTER OF M.R., A JUVENILE

**On Appeal from the Midland County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 5801**

## M E M O R A N D U M   O P I N I O N

The jury found M.R. guilty of possession of a controlled substance, and the trial court sentenced him to confinement in the Texas Youth Commission. We affirm.

### I. *Background Facts*

M.R., on his first day back from DAEP[1] placement, was required to report to Midland High School Assistant Principal Hector Herrera. Officer Scott Casbeer was already in Principal Herrera's office for an unrelated matter when M.R. arrived. Officer Casbeer noticed a can outline in M.R.'s jean pocket and inquired about its contents on suspicion that M.R. had snuff. M.R. handed Officer Casbeer the can. He opened it and saw six zipper storage bags of white powder. Officer Casbeer left Principal Herrera's office to field test the white powder.

---

[1]District Alternative Education Program.

Principal Herrera questioned M.R. in the officer's absence, and M.R. admitted that he sometimes used and sold cocaine. The powder tested positive for cocaine, and M.R. was arrested.

## II. *Issues*

M.R. challenges the trial court's judgment with five issues. He argues that the trial court improperly rehabilitated two jurors who should have been struck for cause, that it erroneously denied his motion for a continuance, that it improperly reversed a prior suppression ruling, that it abused its discretion by not sentencing M.R. with a less restrictive placement, and that the judgment is based upon legally and factually insufficient evidence.

## III. *Challenged Jurors*

M.R. contends that the trial court erred by rehabilitating Jurors Three and Five after he challenged them for cause. He argues that this error caused him harm because he had to use peremptory challenges on them that he would have otherwise used on two veniremembers who were seated on the jury.

When a potential juror reveals a bias that is established as a matter of law, he must be excused when challenged. *Anderson v. State*, 633 S.W.2d 851, 854 (Tex. Crim. App. 1982). When a potential juror reveals a potential bias, the trial court has the discretion to determine whether any bias or prejudice exists to such an extent as to disqualify the juror from service. *Nance v. State*, 807 S.W.2d 855, 866 (Tex. App.—Corpus Christi 1991, pet. ref'd). The trial court's ruling on a challenge for cause will not be disturbed absent an abuse of discretion. *Vaughn v. State*, 833 S.W.2d 180, 184 (Tex. App.—Dallas 1992, pet. ref'd).

There are two categories of bias that can rise to the level of a challenge for cause: bias or prejudice against the law and bias or prejudice for or against a party. M.R. correctly notes that, when a prospective juror expresses a bias or prejudice in favor of or against the defendant, it is ordinarily impossible for the juror to be qualified by simply stating that this bias or prejudice can be set aside. *See Smith v. State*, 907 S.W.2d 522, 530 (Tex. Crim. App. 1995). However, neither prospective juror expressed any bias against M.R. Both expressed concern about drugs in schools. This presented a potential bias or prejudice against the law.

The test for challenges based upon a bias or prejudice against the law is whether it would substantially impair the prospective juror's ability to carry out the oath and instructions in accordance with the law. *Hughes v. State*, 878 S.W.2d 142, 148 (Tex. Crim. App. 1992). But before a veniremember can be excused for cause, the law must first be explained to them, and

2

they must respond whether they can set aside their personal views and follow the law as explained. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). Counsel challenging for cause has the burden to prove that the veniremember understood the law but could not overcome his bias and follow it. *Id*. at 747.

When reviewing whether the trial court abused its discretion, appellate courts must look to all the answers given by the veniremember. *Patrick v. State*, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995). Even if a single statement or a portion of the veniremember's answers reflect a bias or prejudice and if the answers as a whole reflect that the venireperson can follow the law and be fair and impartial to the accused, the trial court retains discretion to overrule a challenge for cause. *Harris v. State*, 784 S.W.2d 5, 22-23 (Tex. Crim. App. 1989). When a veniremember's answers are contradictory, vacillating, or unclear, greater deference is given to the trial court to resolve the dispute. *King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000).

*A. Juror Five.*

During voir dire, a veniremember stated that she could not set aside her reaction to an accusation that M.R. was selling drugs in school and that she could not affirm her ability to be impartial. M.R.'s counsel asked the venire panel who agreed with this statement, and Juror Five and four others raised their hands. On a follow-up question, Juror Five could not guarantee with 100% certainty that he could look at the case solely based upon the evidence. Juror Five explained that his concerns were the possibilities that he could feel M.R. was guilty but the evidence was insufficient to convict and that M.R. could return to school and sell drugs to his child.

The trial court spoke to each challenged veniremember separately following the close of the defense's voir dire examination. The trial court explained to Juror Five that jurors were required to listen to the testimony and then decide if the State proved its case beyond a reasonable doubt. Juror Five responded that he could do that. The trial court also asked Juror Five about his response to the defense counsel's earlier question. Juror Five explained that he had interpreted defense counsel's question as asking if he could live with the situation where he thought M.R. was guilty but the State failed to prove it. Juror Five told the trial court that he could hold the State to its burden of proof and that, if this situation presented itself, he could look people in the face and say that he thought M.R. was guilty but the State did not prove it.

3

Juror Five never expressed prejudice directed at M.R., and the trial court did not abuse its discretion when it determined that Juror Five was not biased against the law. There was sufficient uncertainty in counsel's original question and Juror Five's response that the trial court did not err when it asked Juror Five additional questions. Juror Five's concern with drugs in school does not disqualify him from sitting on the jury because veniremembers cannot be challenged for cause for having a bias against the crime committed. *Wilson v. State*, 436 S.W.2d 542, 544 (Tex. Crim. App. 1968); *Phillips v. State*, 656 S.W.2d 219, 220-21 (Tex. App.—Fort Worth 1983, no pet.). After considering the voir dire of Juror Five in its entirety, we cannot conclude that it established that he was biased as a matter of law.

*B. Juror Three.*

M.R. also complains that the trial court improperly rehabilitated Juror Three and points to the following exchange to show that she was biased as a matter of law:

> Q: Knowing your child is going to filter back into a high school and potentially Midland High where the accusations are made here, would you feel comfortable telling all your child's friends that you sat on a jury and that you thought that this person was probably guilty, but the State just didn't do their job?
>
> A: Well, I do have just a slight problem. Because I would feel horrible if he was guilty -- if in my mind that there was more towards the guilt.
>
> . . . .
>
> Q: If they -- what happens if the State doesn't prove it beyond a reasonable doubt?
>
> A: Well, I would have to find him not guilty.
>
> Q: Would you be comfortable doing that?
>
> A: Not if I really felt like he was guilty.

Although she expressed discomfort, Juror Three did not state that she could not or would not follow the law. When questioned outside the panel's presence, Juror Three affirmed that she would require the State to prove its case, that she would not let her feelings affect her decision, and that she could set aside the consequences of her decision and base it solely on the evidence.

4

The trial court did not abuse its discretion by determining that Juror Three was not biased as a matter of law and did not improperly rehabilitate Jurors Three or Five. Issue One is overruled.

## IV. *Motion to Suppress*

M.R. filed a motion to suppress any statements or tangible evidence obtained from him. The trial court granted that motion in part and suppressed any statements made by M.R. to school officials. The State filed a motion to reconsider. The trial court heard the State's motion prior to the start of voir dire and then reversed its decision to suppress M.R.'s statement. M.R. challenges this decision.

A trial court may reconsider its decision on a motion to suppress evidence and, absent an abuse of discretion, may deny the motion after originally granting it. *Montalvo v. State*, 846 S.W.2d 133, 137-38 (Tex. App.—Austin 1993, no pet.). We give almost total deference to the court's determination of historical facts and "mixed questions of law and fact" that apply the law to the case's specific facts and turn on an evaluation of witness credibility and demeanor. *In re L.M.*, 993 S.W.2d 276, 286 (Tex. App.—Austin 1999, pet. denied). We review de novo questions of law and mixed questions that do not turn on such an evaluation. *Id.*

M.R. contends that he was subjected to a custodial interrogation while in Principal Herrera's office and that, because he was not advised of his rights, his statement to Principal Herrera was inadmissible. Custodial interrogation is questioning initiated by law enforcement after a person has been taken into custody or otherwise deprived of his freedom in any significant way. *Stansbury v. California*, 511 U.S. 318, 322 (1994). A child is in custody if, under the objective circumstances, a reasonable child of the same age would believe his freedom of movement was significantly restricted. *Jeffley v. State*, 38 S.W.3d 847, 855 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see In re D.J.C.,* No. 01-07-01092-CV, 2009 WL 3050870, *4-5 (Tex. App.—Houston [1st Dist.] Sept. 24, 2009, no pet.) (describing the factors to consider when determining whether a juvenile is in custody).

Whether M.R. was in custody we need not determine because the safeguards attendant to custodial interrogation do not come into play unless the person to whom the statements are made is acting as an agent of the police. *Paez v. State*, 681 S.W.2d 34, 37 (Tex. Crim. App. 1984). Questioning of a student by a principal, whose duties include the obligation to maintain order, to protect the health and safety of pupils, and to maintain conditions conducive to learning, cannot be automatically equated with custodial interrogation by law enforcement officers. *See In re*

*V.P.*, 55 S.W.3d 25, 32 (Tex. App.—Austin 2001, pet. denied) (school officials act as a representative of the State when searching students or carrying out disciplinary actions, but this does not equate them with law enforcement officials). We must look to the totality of the circumstances to determine whether Principal Herrera was acting under his duties as a school administrator or whether he was questioning M.R. as an agent of the police.

Although Officer Casbeer directed Assistant Principal Herrera to keep M.R. in his office until he returned, Principal Herrera questioned M.R. without Officer Casbeer's direction. There is no indication that the officer coerced, dominated, or controlled Principal Herrera's inquiry in any way. Under these circumstances, Principal Herrera was not an agent of the police, and M.R.'s voluntary admissions were not the result of a custodial interrogation. *Cf. In re V.P.*, 55 S.W.3d at 33 (assistant principal was conducting a school investigation not a criminal investigation when he questioned a student about a gun on campus).

Even if we are in error and M.R.'s statement to Principal Herrera was made during a custodial interrogation, the trial court's ruling did not cause M.R. constitutional harm. A constitutional error is one that directly offends the United States Constitution or the Texas Constitution. *See Fox v. State*, 115 S.W.3d 550, 563 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The critical inquiry is whether the error may have contributed to M.R.'s conviction or punishment. *See Chapman v. California*, 386 U.S. 18 (1967).

M.R.'s statement did not contribute to his conviction. Officer Casbeer found cocaine on M.R., and M.R. was convicted of possession. M.R.'s confession to Principal Herrera gave weight to the State's charge that M.R. intended to deliver the cocaine – a charge the jury found was not true. Thus, the admission of M.R.'s statement did not affect the outcome of the case. Issue Three is overruled.

## V. *Motion for Continuance*

M.R. next contends that the trial court erred by denying his motion for continuance. When the trial court reversed its ruling on the motion to suppress, M.R.'s counsel orally requested a continuance, arguing that he had received the State's motion for reconsideration only a few days earlier and that he had prepared his case under the assumption that M.R.'s statement to the principal had been suppressed. The trial court denied this request and proceeded with the trial.

The State argues that this issue has not been preserved because the motion was not in writing or sworn. We agree. Oral motions for continuance preserve nothing for review. TEX. CODE CRIM. PROC. ANN. art. 29.03 (Vernon 2006); *Williams v. State*, 196 S.W.3d 365, 367 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Moreover, even if we assume that error was preserved, M.R. is not entitled to relief.

M.R. has shown no harm resulted from the denial of his motion for continuance. As noted above, the trial court's reconsideration of the motion to suppress interjected a confession to selling drugs that would have otherwise been inadmissible. But even after hearing this evidence, the jury found the allegations that M.R. intended to deliver the cocaine were not true. The jury did not need M.R.'s statement to find him guilty of possession because it had Officer Casbeer's testimony that he found cocaine on M.R.'s person. The trial court's revised suppression ruling did not affect the trial result; therefore, additional preparation time would not have benefitted M.R. M.R.'s second issue is overruled.

VI. *Texas Youth Commission Placement*

M.R. also challenges the trial court's decision to forego a less restrictive placement and commit him to the Texas Youth Commission (TYC). Following adjudication, a juvenile court has broad discretion to determine disposition. *In re C.J.H.*, 79 S.W.3d 698, 702 (Tex. App.— Fort Worth 2002, no pet.). The trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *In re C.G.*, 162 S.W.3d 448, 452 (Tex. App.—Dallas 2005, no pet.).

In reviewing the legal and factual sufficiency of a disposition order in a juvenile case, a civil standard of review is employed. *In re T.E.G.*, 222 S.W.3d 677, 678 (Tex. App.—Eastland 2007, no pet.). In a legal sufficiency analysis, the evidence to support the court's findings are considered in the light most favorable to the findings, and all reasonable inferences are indulged. *Id*. at 679. We recognize that the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony and that we cannot substitute our judgment for that of the trier of fact so long as the evidence falls within the zone of reasonable disagreement. *Id*. Also, in reviewing for abuse of discretion with respect to factual sufficiency, we consider all of the

7

evidence and set aside a juvenile court's disposition only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

No disposition placing a child outside its home may be made unless the trial court finds and includes in its disposition order that the removal was in the child's best interest, that reasonable efforts were made to eliminate the need for removal, and that the child cannot be provided the quality of care and level of support and supervision in its home necessary to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.04 (Vernon Supp. 2009). At the disposition hearing, a court may consider reports from probation officers in addition to the testimony of witnesses. Section 54.04(b).

The trial court did not abuse its discretion when it committed M.R. to TYC. M.R. correctly notes that the probation department's original recommendation was for one year delinquent probation in his parent's home. M.R. argues that the admitted evidence supports this recommendation and that nothing was admitted to indicate its inappropriateness. However, Juvenile Probation Officer Charles E. Chapman testified that the probation recommendation was the result of an oversight. His testimony was offered during a hearing on a petition for delinquency trial. Chapman testified that the recommendation was based upon a third degree felony referral instead of a first degree felony. The trial court rejected the probation department's recommendation, and M.R.'s case proceeded to trial because the court believed that a one year probated sentence did not match the seriousness of the offense.

During the punishment phase of trial, the probation department recommended TYC placement. The probation department took into consideration M.R.'s age. M.R. was only six months away from turning seventeen. TYC placement ensured that he could be supervised until his nineteenth birthday. Chapman also testified that M.R.'s rehabilitation would be best served by TYC because it is a long-term facility that can provide around-the-clock supervision by in-house professionals. Chapman testified that he had reservations about placing M.R. in a short-term facility, recalling his personal work history with M.R. on a deferred prosecution for possession of marihuana. Chapman noted that, during this time, M.R. did not attend drug counseling regularly and was having difficulties in school.

M.R. claims that the undisputed testimony established that there was suitable monitoring and supervision at home to prevent him from perpetrating more criminal acts. But the record contradicts this assertion. M.R.'s parents work long hours, and M.R. commonly did not have

8

any supervision after school until seven in the evening. Even though M.R. had previously been charged with possession of marihuana, M.R.'s father, when asked if M.R. had a problem, could not say because he did not know what the State considered a drug problem. When the State asked the father if M.R. needed counseling, he did not say it was necessary but thought that it would help. Although M.R.'s father claims that family and friends were available for support, the trial court could disbelieve this testimony and determine that M.R.'s supervision would be insufficient.

The trial court did not abuse its discretion by concluding that a less restrictive placement was not an appropriate alternative for M.R. and that the juvenile probation department had made reasonable efforts to prevent the need to remove M.R. from his home. We overrule M.R.'s fourth issue.

## VII. *Sufficiency of the Evidence*

M.R.'s concluding argument is that his conviction is supported by legally and factually insufficient evidence. M.R. bases his argument on the premise that the record, absent the improperly admitted statements and evidence, is insufficient to support his conviction. M.R.'s argument fails because we have held that the trial court did not err by denying the motion to suppress. Moreover, even if we exclude consideration of M.R.'s statement to Principal Herrera, Officer Casbeer testified that he found cocaine inside a beef jerky can handed to him by M.R. This alone is factually and legally sufficient to support M.R.'s conviction of possession. M.R.'s final issue is overruled.

## VIII. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE

May 13, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

9