

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00281-CR

EBAN STILLWELL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2011-1722-E

----------

## OPINION

----------

### I. Introduction

A jury convicted Appellant Eban Stillwell of indecency with a child and assessed a twelve-year sentence. In three points, Stillwell contends that his rights were violated when the court denied his motion for mistrial and proceeded with only 11 jurors and that the trial court erred when it denied him the

opportunity to question a juror about possible misconduct. We reverse and remand.

## II. Facts

The trial court empaneled a jury of 12 in this case, but after the State's third witness began to testify, Juror Ignacio Sanchez informed the bailiff that he was having trouble understanding the proceedings. Thereafter, the following exchange occurred between Sanchez, the trial judge, and counsel:

THE COURT: . . . All right. Mr. Sanchez, you commented to my bailiff this morning that you might have trouble understanding the proceedings.

JUROR SANCHEZ: Yes.

THE COURT: Okay. How long have you been in the United States?

JUROR SANCHEZ: It's my -- 15 years.

THE COURT: Okay.

JUROR SANCHEZ: Never make school here. Just in Mexico.

THE COURT: Never did what?

JUROR SANCHEZ: I never make school here. I never go to school in the United States.

THE COURT: Okay. You went to school somewhere.

JUROR SANCHEZ: In Mexico.

THE COURT: Okay. And so I noticed from your juror questionnaire here you've been working at the same job for 11 years as a driver.

JUROR SANCHEZ: Yeah.

THE COURT: Okay. And so what do you deliver?

2

JUROR SANCHEZ:  I deliver doors and trim in the houses.

THE COURT:  Okay.

JUROR SANCHEZ:  The materials.

THE COURT:  Okay.  And so you're able to read and write English.

JUROR SANCHEZ:  In my job?  Are you asking --

THE COURT:  No, when you filled out the questionnaire.

JUROR SANCHEZ:  No, no, no.

THE COURT:  You didn't fill out your own questionnaire?

JUROR SANCHEZ:  Well, yes, but barely.  Not too much.

THE COURT:  Okay.  And what so far have you not understood?

JUROR SANCHEZ:  I don't -- I don't understand exactly what is question.

THE COURT:  All right. I'm sorry, I don't hear well, so --

JUROR SANCHEZ:  Yes.

THE COURT:  You what?  Are you able to hear the questions?

JUROR SANCHEZ:  No, I no understand what you say exactly.

THE COURT:  I'm not hearing what you're saying.  What?

JUROR SANCHEZ:  I no understand what you say.

THE COURT:  My question to you was you have been -- you were sworn in yesterday and you knew to come back here today, correct?

JUROR SANCHEZ:  Yes.

THE COURT:  Okay.  And did you understand what was being said today?

3

JUROR SANCHEZ: I understand a little bit. Not too much.

THE COURT: Okay. I'm not sure if you -- let me just ask, anyone want to ask a question?

[PROSECUTOR]: Can I ask, sir –

JUROR SANCHEZ: Yes?

[PROSECUTOR]: -- have you been able to understand what the witnesses are saying in court?

JUROR SANCHEZ: A little bit. Not too much.

[PROSECUTOR]: So there are some things that witnesses have said that you don't understand?

JUROR SANCHEZ: Well, not exactly, but I understand little bit.

[PROSECUTOR]: So you understand a little bit only?

JUROR SANCHEZ: (Nods head.) Yes.

[PROSECUTOR]: So does that mean that there are some things that have been said in court that you don't understand? Do you understand the question that I'm asking you right now?

JUROR SANCHEZ: If it's easy question, I am, sir.

[PROSECUTOR]: Have there been things that I have said in court that you have not understood?

[DEFENSE]: I would like the record to reflect that [the prosecutor] is having to talk much slower than normal and enunciate very, very clearly while he's asking this question to Mr. Sanchez.

[PROSECUTOR]: Have there been things that I said in court that you have not understood?

JUROR SANCHEZ: I don't understand.

[PROSECUTOR]: You don't understand me?

4

JUROR SANCHEZ: No.

[PROSECUTOR]: Okay. I have no further questions, Judge. Thank you.

THE COURT: Any questions?

[DEFENSE]: No, Your Honor.

THE COURT: All right. Thank you very much, sir. You'll go back to the jury room.

After Sanchez returned to the jury room, both Stillwell and the State agreed that Sanchez could not "adequately understand English and [could not] understand adequately what [was] being said in the courtroom." When asked by the trial court whether they wanted Sanchez to remain on the panel, the parties agreed that he should not. However, the parties disagreed as to the legal basis which would permit Sanchez to be removed and the procedural consequences of doing so.

The State urged the trial court to dismiss Sanchez as disabled[1] and proceed with the remaining 11 jurors.[2] Stillwell, on the other hand, maintained

---

[1]Disabled is defined as either (1) involving a "physical illness, mental condition, or emotional state which hinders one's ability to perform one's duties as a juror" or (2) "any condition that inhibits the juror from fully and fairly performing the functions of a juror." *Ramos v. State*, 934 S.W.2d 358, 369 (Tex. Crim. App. 1996) (internal citations omitted). The determination as to whether a juror is disabled is within the discretion of the trial court. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999); *Ricketts v. State*, 89 S.W.3d 312, 318 (Tex. App.—Fort Worth 2002, pet. ref'd).

[2]Article 36.29 of the Texas Code of Criminal Procedure provides that if a juror in a felony trial becomes disabled after trial has begun but prior to the

5

that since Sanchez was never "able" to begin with, he did not become disabled but, rather, was disqualified as a juror. Stillwell moved that Sanchez be excused from the panel and a mistrial be granted, insisting that the trial could proceed with 11 jurors only by agreement of the parties, that Stillwell did not agree to it, and that Stillwell would not "waive that."

Citing *Bina v. State*,[3] the trial court dismissed Sanchez as disabled and signaled its intent to proceed with 11 jurors. Stillwell re-urged his motion for mistrial on the ground that less than 12 jurors were left on the jury. The trial court denied Stillwell's motion. Two days later, the jury of 11 returned a guilty verdict.

### III. Analysis

In his first two points, Stillwell asserts that his rights were violated when the court proceeded with 11 jurors over Stillwell's objection. Specifically, Stillwell

---

charge being read to the jury, the remainder of the jury has the power to render a verdict. Tex. Code Crim. Proc. Ann. art. 36.29(a) (West 2006 & Supp. 2014).

[3]In *Bina*, a juror asked if he could withdraw from the jury because he did not think his English was good enough. No. 01-06-00557-CR, 2008 WL 256897, at *2 (Tex. App.—Houston [1st Dist.] Jan. 31, 2008, pet. ref'd). The juror explained that he could read and write English but had trouble understanding when the parties spoke quickly. *Id.* The trial court dismissed the juror, replaced him with an alternate, overruled the appellant's general objections to the dismissal and replacement, and then proceeded with 12 jurors. *Id.* The Houston court held that the trial court "implicitly concluded that [the juror] was disabled because of his lack of proficiency in the English language" and, therefore, did not abuse its discretion by dismissing the juror. *Id.* at *3. However, as the court pointed out, because there was an alternate juror, in this circumstance the appellant was not deprived of a 12-member jury. *Id.*

6

argues that the trial court erroneously dismissed Sanchez under the theory that he became disabled when, in fact, he was not qualified to serve as a juror at all.

The Texas constitution requires that juries be composed of 12 people in a felony criminal case.  Tex. Const. art. V, § 13.  However, the constitution also allows the legislature to modify this rule and authorize less than 12 to render a verdict in certain circumstances.  *Id.*  Texas statutory law provides two instances in which a trial can proceed with 11 jurors:  (1) when the parties consent or (2) if a juror dies or the trial court finds that a juror has become disabled.  Tex. Gov't Code Ann. § 62.201 (West 2013); Tex. Code Crim. Proc. Ann. art. 36.29(a) (West 2006 & Supp. 2014); *Hill v. State*, 90 S.W.3d 308, 314 (Tex. Crim. App. 2002).  In the second instance, when a trial court finds that a juror has become disabled, consent is not necessary to proceed with the 11 jurors remaining on the panel.  *Hill*, 90 S.W.3d at 315 (noting that because the juror was disabled, the defendant's consent was not necessary to proceed to trial).

In this case, Sanchez was not disabled.  However, he was excludable. Tex. Code Crim. Proc. Ann. art. 35.16(a)(11) (West 2006); *See Montoya v. State*, 810 S.W.2d 160, 170 (Tex. Crim. App. 1989).

Article 35.16 of the code of criminal procedure provides a list of grounds on which attorneys may assert a challenge for cause as to a potential juror based on his or her capability or fitness to serve as a juror.  Tex. Code Crim. Proc. Ann. art. 35.16 (West 2006); *Butler v. State*, 830 S.W.2d 125, 130 (Tex. Crim. App. 1992).  When a prospective juror is challenged on one of these grounds, the trial

7

court is responsible for determining the capability or fitness of the prospective juror against whom the challenge for cause was made. Tex. Code Crim. Proc. Ann. art. 35.21 (West 2006); *see also Phillips v. State*, 656 S.W.2d, 219, 220 (Tex. Crim. App.—Fort Worth 1983, no pet.) (noting that "[w]hen the challenge is made, the court decides the qualifications of the juror"). If the court determines that the prospective juror is incapable or unfit, the trial court should excuse the juror. *See Saldivar v. State*, 980 S.W.2d 475, 485 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (noting that if either party proves a potential juror to be excludable under article 35.16, the judge must excuse that juror).

A juror is incapable or unfit and may be challenged for cause based on the juror's inability to read and write. Tex. Code Crim. Proc. Ann. art. 35.16(11) ("A challenge for cause may be made by either the state or the defense for any one of the following reasons: . . . (11) That the juror cannot read or write."). Also encompassed in this specific challenge is a juror's inability to understand English. *Montoya*, 810 S.W.2d at 170 (explaining that a juror's trouble understanding English was an excludable ground under art. 35.16(a)(11)).[4]

---

[4]In *Montoya*, the court sua sponte excused a prospective juror because he could not understand English. 810 S.W.2d at 169. While the juror was able to voice his opinions, he became confused when the prosecutor began explaining procedural matters. *Id.* The juror testified that he had limited understanding of English and that he only understood a small portion of the preliminary instructions given to him. *Id.*

8

Although the legislature has designated three of the grounds within article 35.16 as "absolute disqualifications,"[5] meaning that if a juror with one of these disqualifications is empaneled, a conviction could be reversed on appeal irrespective of whether the juror is challenged during voir dire, the ability to read and write is not one of them. *See* Tex. Code Crim. Proc. Ann. arts. 35.19, 44.46, 35.16; *see also Nelson v. State*, 129 S.W.3d 108, 112–13 (Tex. Crim. App. 2004) (distinguishing between the two portions of article 44.46 and explaining the burden the defendant carries to prove harm and obtain a reversal based on the sitting of an absolutely disqualified juror). For all other grounds under article 35.16, if the challenge is not raised during voir dire the parties forfeit the right to complain thereafter. Tex. Code Crim. Proc. Ann. art. 35.16; *see also Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (holding that a challenge for cause is forfeited if not asserted).

The record in this case is sufficient to establish Sanchez's inability to understand English. He testified that he understood only a little of what the witnesses were saying, and the record demonstrates that he was having trouble understanding the questions posed to him by the trial court and the prosecutor. Nevertheless, this is a challenge that should have been raised during voir dire. *See Webb*, 232 S.W.3d at 112 (holding that the right to challenge a juror that

---

[5]A juror is absolutely disqualified if the juror (1) has a misdemeanor theft or felony conviction, (2) is under indictment or other legal accusation for misdemeanor theft or a felony, or (3) is insane. Tex. Code Crim. Proc. Ann. arts. 35.16(a)(2)–(4), 35.19.

9

served on the grand jury that indicted the defendant was forfeited because neither party challenged the juror for cause during voir dire); *see also Van Dalen v. State*, 789 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990) (holding that by failing to make an initial inquiry into whether the members of the panel could understand English, error was waived).

In this case, no one questioned the panel during voir dire about their ability to understand English. Regardless of a county's practice in screening potential jurors, the attorneys are not relieved of their duty to determine capability or fitness of the jurors during voir dire. *See Guzman v. State*, 649 S.W.2d 77, 79 (Tex. App.—Corpus Christi 1982) (holding that error was waived when the attorneys failed to question jurors during voir dire on their ability to read and write English);[6] *see also Webb*, 232 S.W.3d at 113 (noting that "it is incumbent upon counsel to specifically ask questions which will determine whether they have a right to challenge the veniremember").

Since the exclusion of Sanchez, based upon his inability to understand English, had been forfeited, the trial court could have allowed Sanchez to remain on the panel. Once the trial court excused Sanchez, however, agreement of the parties was required for the trial to proceed with the remaining 11 jurors. Since Stillwell did not agree to proceed with 11 jurors, a mistrial was the only

---

[6]In *Guzman*, a juror requested that the entire charge be translated into Spanish. 649 S.W.2d at 79. The appellant claimed that the juror failed to inform him during vior dire of her inability to comprehend English and therefore deprived him of a challenge for cause. *Id.*

procedural option available to the trial court once Sanchez had been removed from the panel.

Because Sanchez was excludable, rather than disabled, and Stillwell did not consent to a jury of fewer than 12, the trial court erred in excusing Sanchez and then proceeding with the remaining 11 jurors. We sustain Stillwell's first and second points.[7]

## IV. Conclusion

Having sustained Stillwell's dispositive points, we grant the relief requested and reverse and remand for new trial.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

PUBLISH

DELIVERED: May 28, 2015

---

[7]Having sustained Stillwell's first and second point, we need not reach his third point. *See* Tex. R. App. P. 47.1.