

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-15-00361-CR

Jimmy **VERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR5369
Honorable Raymond Angelini, Judge Presiding

Opinion by:        Sandee Bryan Marion, Chief Justice
Concurring Opinion by:  Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
        Marialyn Barnard, Justice
        Luz Elena D. Chapa, Justice

Delivered and Filed:  June 15, 2016

AFFIRMED

A jury found appellant, Jimmy Vera, guilty of aggravated sexual assault of a child and the trial court assessed punishment at sixty years' confinement.  In a single issue on appeal, appellant asserts the trial court erred by proceeding to trial over appellant's objection after a newly-sworn and empaneled juror advised the court of a language problem.  We conclude the alleged error is waived, and affirm the trial court's judgment.

**DISCUSSION**

During voir dire, both the State and defense counsel engaged the venire panel in a variety of questions (e.g., regarding presumption of innocence and whether children lie). At no time was any venire member asked whether he or she had a problem understanding English. After both sides made their opening statements to the venire panel, the trial court and the attorneys discussed challenges. The court clerk then called the names of the venire members selected to sit on the jury, and the remainder of the panel was excused. The trial court clerk swore the jury in, and the trial court made a few more remarks and then asked whether anyone had any questions. One juror (whose name and number is not identified in the record) stated, "I have a problem, because I don't know — I no speak good English." The following conversation between the trial court and the juror occurred:

> Court: You a citizen of the United States? Are you a citizen of the United States?
> Juror: Yes.
> Court: Well, you had — to become a citizen of the United States —
> Juror: I can talk like just I don't understand easily everything.
> Court: Okay. Well, do your best. Okay? You don't have to be an English major to be a juror. Anybody else?

The trial court then excused the panel to take care of other matters, at which time the following conversation between the court and defense counsel occurred:

> Counsel: Judge, due to that particular witness' [sic] inability to understand English, we're moving for a mistrial —
> Court: He didn't say he couldn't understand English. It's denied. It's not what he said.
> Counsel: He said he was going to have a hard time.
> Court: If you're a United States citizen, unless he lied under oath, to become a United States citizen you have to swear that you can read and write the English language.
> Counsel: You're right.
> Court: You have to —
> Counsel: So our motion for a mistrial is overruled?
> Court: It's denied. . . . .

On appeal, appellant takes issue with the trial court's assumption that the juror was a naturalized citizen and whether the naturalization language requirements are sufficient to meet the fluency requirements to serve on a jury. Appellant contends, first, that moving for a mistrial preserved error, and second, appellant was tried by a jury of eleven due to the language deficiency of the twelfth juror.[1] The State asserts appellant did not preserve his complaint because trial counsel did not inquire about any venire member's ability to communicate in English and did not challenge the juror for cause based on literacy or fluency. We agree with the State that appellant's complaint on appeal is not preserved.

The Texas Government Code requires that a juror be "able to read and write." TEX. GOV'T CODE ANN. § 62.102(6) (West Supp. 2015). A juror may be challenged for cause as unfit or incapable of serving on a jury if "the juror cannot read or write." TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(11) (West 2006). Encompassed within article 35.16(a)(11) is that a juror may be challenged based on his or her inability to understand English. *Stillwell v. State*, 466 S.W.3d 908, 912 (Tex. App.—Fort Worth 2015, no pet.). With the exception of three specific grounds for disqualification, the disqualification grounds listed in article 35.16 may be waived. TEX. CODE CRIM. PROC. art. 35.16(a) ("No juror shall be impaneled when it appears that the juror is subject to the second, third or fourth grounds of challenge for cause set forth above, although both parties may consent. All other grounds for challenge may be waived by the party or parties in whose favor such grounds of challenge exist."). Thus, with three exceptions not applicable here, the failure to make a timely objection to a juror's qualifications under article 35.16 waives the right to

---

[1] After appellate counsel filed a brief on appellant's behalf, appellant filed a *pro se* brief raising numerous issues. We cannot address the issues raised in appellant's *pro se* brief because appellants are not entitled to hybrid representation on appeal. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006) (explaining that defendants have no right to hybrid representation on appeal); *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) ("Appellants are not allowed to have 'hybrid representation' on appeal, in which an appellant and an attorney can present independent points to an appellate court.").

challenge those qualifications.  *Mayo v. State*, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999).  The ability to read and write is one of the grounds for disqualification that can be waived in the absence of an objection.  *Stillwell*, 466 S.W.3d at 912-13.

In this case, rather than challenging the juror for cause during voir dire, appellant moved for a mistrial after the jury was empaneled and the remaining venire members were excused.  On appeal, he appears to argue this is enough to preserve his complaint.  We disagree.  Appellant did not question any venire member during voir dire examination regarding their ability to read, write, or understand English.  Appellant's failure to ask specific enough questions to determine whether anyone on the venire panel had difficulty reading, writing, or understanding English waived any complaint for our review.  *See Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) ("Failure to question the jurors on a [whether any served on the grand jury that returned the indictment] constitutes a forfeiture of the right to complain thereafter.  . . .  Appellant did not ask specific enough questions to determine whether anyone on the panel had served on the grand jury that indicted him and he did not challenge the venirewoman.  Therefore, he forfeited the right to complain that the juror should have been excused.").

## CONCLUSION

Because appellant did not inquire during voir dire whether any venire member was able to read, write, or understand English, appellant has waived his sole issue on appeal.  Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

PUBLISH