Gregory Dean VAN DALEN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–00663–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 12, 1990.

J. Charles Whitfield, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

Appellant was indicted of the felony offense of burglary of a vehicle. TEX.PENAL CODE ANN. § 30.04. The jury found him guilty and assessed punishment at five years probation and a fine of $5000. We affirm.

Appellant's conviction arises out of events in a used car lot on North Shepherd in Houston. One afternoon, the complainant (the owner of the used car lot) saw the appellant trying to open the door of a locked truck at one end of the lot. Upon being questioned why he was there, the appellant told the complainant that he was taking parts. The lot had several signs surrounding it which read "NO TRESPASSING" and "NO PARTS FOR SALE". The owner wrestled with the appellant, who had a jack handle, and was finally able to get the jack handle from the appellant. Appellant then got into his car and attempted to drive away. He was unsuccessful because he rammed another car. At trial, appellant testified that he needed a hub and an old tire for a trailer he was building, and that he was looking for a lug wrench when the complainant arrived. Appellant alleged that he saw a lug wrench in the truck, but that he did not break into the vehicle since the door was not shut all the way. According to appellant, when he opened the door, some tools "fell out" on the ground. He picked up the lug wrench that he needed and was going to wait for someone to talk to about car parts.

In his first point of error, the appellant contends that the evidence is insufficient to show that he had the intent to commit theft or that the object of the alleged burglary was, in fact, a vehicle. When confronted with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Indeed, the appellate courts ensure only the rationality of the fact finder, serving as a final due process safeguard. *Moreno v. State*, 755 S.W.2d 866 (Tex.Crim.App.1988). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Esquivel v. State*, 506 S.W.2d 613 (Tex. Crim App.1974). It is not the appellate court's place to second guess the determination made by the trier of fact.

Considering all the evidence, the jury obviously believed the complainant's version of what happened over the appellant's version and believed that he entered

the vehicle with the intent to commit theft. This result is supported by the fact that although appellant contended he was looking for only a wheel and tire hub, neither of these items were among the objects appellant had put in a pile by the truck. The jury, being the exclusive judge of the facts and the credibility of the witnesses, can choose to believe or not believe a witness or any portion of his testimony. *Penagraph v. State*, 623 S.W.2d 341 (Tex.Crim. App.1981); *Page v. State*, 690 S.W.2d 102, 105 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Further, in a prosecution for burglary, the jury may infer an intent to commit theft from all the surrounding circumstances. *Moreno v. State*, 702 S.W.2d 636, 641 (Tex.Crim.App.1986).

▮▮▮ Appellant also complains that the evidence presented did not establish sufficiently that the object of the burglary was actually a "vehicle". The vehicle in question did not have a motor or rear wheels. A vehicle is defined by the Penal Code as follows:

> (3) "Vehicle" includes any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as "habitation".

TEX. PENAL CODE ANN. § 30.01(3).

The fact that the truck was without a motor or rear wheels did not destroy its character as a "vehicle". It is the design and construction of the vehicle and not its temporary condition that is controlling. *Trevino v. State*, 697 S.W.2d 476, 478 (Tex.App. —San Antonio 1985, no pet.). Further, the penal code is to be construed so as to reach a just and reasonable result. TEX. PENAL CODE ANN. § 1.05; TEX. GOV'T CODE ANN. § 311.021.

Viewing the evidence in the light most favorable to the verdict it is clear that a rational trier of fact could have found beyond a reasonable doubt that the appellant entered the vehicle with the intent to commit theft and that the truck was in fact a "vehicle". Appellant's first point of error is overruled.

▮▮▮ In point of error number two, the appellant asserts that one of the jurors was not qualified to sit on the jury panel due to his "inability" to understand the English language, and that this juror concealed this fact in order to be seated on the jury. The information form on this juror reveals that he had lived in Harris County for twenty years and had served on a civil jury before. The form also verifies that the man could read and write the English language. At a hearing on a Motion for New Trial, the juror testified that he had difficulty understanding English if it was spoken rapidly and that he had asked other jurors what some words meant. He went on to say that these few words were from the court's charge and that he made his own decision in the case from the evidence. The juror met the qualifications of TEX.CODE CRIM. PROC.ANN. art. 35.16 and was not "absolutely disqualified". See also TEX.CODE CRIM. PROC.ANN. art. 35.19. By failing to make an initial inquiry into whether the members of the panel could understand English, appellant has waived any error. *Guzman v. State*, 649 S.W.2d 77, 79 (Tex.App.—Corpus Christi 1982, no pet.). Further, "if we were to hold as disqualified all citizens who do not understand the meaning of all words in the English language, the list of men qualified to serve on the juries in this state would be quite limited." *Myers v. State*, 77 Tex.Cr.R. 239, 177 S.W. 1167, 1171 (1915). Appellant's second point of error is overruled.

▮▮▮ Appellant asserts in his final point of error that the trial judge commented on the weight of the evidence by his facial expressions and gestures. Appellant concedes that this assertion is difficult to prove and does not cite to any part of the record to demonstrate how the court did this. Mere assertions in a brief, not supported by evidence in the record, cannot be accepted as fact on appeal. *Davila v. State*, 651 S.W.2d 797, 799 (Tex.Crim.App. 1983); *Franklin v. State*, 693 S.W.2d 420 (Tex.Crim.App.1985), *cert. denied* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). Further, appellant's trial counsel testified at a Motion for New Trial hearing that he never objected to the judge's body lan-

guage, facial expressions or gestures. Appellant's failure to object in a timely and specific manner waived any error on appeal. *Briddle v. State,* 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied,* — U.S. ——, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986). Appellant's point of error is overruled.

The judgment of the trial court is affirmed.