The STATE of Texas, Appellant,

v.

Stella RHODES, Appellee.

No. 04–97–00183–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 28, 1998.

Opinion Supplementing Decision on
Denial of Rehearing May 20, 1998.

---

Roderick B. Glass, Assistant Criminal District Attorney, San Antonio, for Appellant.

Ken Ward, Arthur Lim, Houston, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

GREEN, Justice.

Stella Rhodes was charged by information with the offense of theft. After the jury was empaneled, a juror was absolutely disqualified. Although Rhodes agreed to a five-person jury, the State did not, and the trial court declared a mistrial. Later, the trial court granted Rhodes' application for writ of habeas corpus and dismissed the information. In two points of error, the State contends the trial court erred in granting Rhodes' application for writ of habeas corpus because (1) jeopardy had not attached, and (2) Rhodes' right to a speedy trial had not been violated. Because neither double jeopardy nor speedy trial rights are implicated by this case, we reverse the dismissal order and reinstate the information.

### Background

On August 26, 1993, Rhodes was arrested and charged with theft for allegedly shoplifting a $40 telephone. In February 1994, these charges were dismissed for insufficient evidence; but, in December of that year, the State re-issued the information. Three years

later, the matter came to trial, and a jury of six was empaneled.

After opening statements and during the second day of trial, the court discovered one of the six jurors was under indictment for sexual assault of a child. To avoid a mistrial, Rhodes signed a waiver, electing to continue with a five-person jury. The State, however, refused to sign the waiver and moved for a mistrial. The trial court granted the mistrial.

Thereafter, Rhodes filed an application for writ of habeas corpus seeking relief based on the state and federal Double Jeopardy Clauses. At the hearing on the application, the trial court orally granted Rhodes relief and dismissed the charging instrument because the State placed Rhodes in double jeopardy and violated her right to a speedy trial. The trial court's written order, however, dismissed the cause without providing a reason. The State appealed, contesting both grounds for the oral ruling.[1]

### Standard and Scope of Review

■ In the trial court, the defendant bears the burden of establishing a double jeopardy violation. *State v. Garza*, 908 S.W.2d 60, 61 (Tex.App.—Houston [1st Dist.] 1995, pet. filed). On appeal, we review the trial court's ruling on a double jeopardy claim with the abuse of discretion standard. *See Ex parte Pitluk*, 940 S.W.2d 220, 221 (Tex.App.—San Antonio 1997, no pet.).

### Double Jeopardy

In its first point of error, the State asserts double jeopardy is not triggered by a mistrial based on a juror's absolute disqualification. In rebuttal, Rhodes contends the State was not entitled to a mistrial because she waived the juror's disqualification. We agree with the State.

■ Jeopardy attaches once a jury is chosen and sworn. *Alvarez v. State*, 864 S.W.2d 64, 65 (Tex.Crim.App.1993). For the double jeopardy bar to be applicable, however, there must be a jeopardy terminating

event, such as a conviction or acquittal. *Hanley v. State*, 909 S.W.2d 117, 120 (Tex. App.—Houston [14th Dist.] 1995, no pet.). A mistrial on the State's motion is not a terminating event if the mistrial is supported by manifest necessity. *Ex parte Hernandez*, 906 S.W.2d 931, 932 (Tex.Crim.App.1995). Several cases hold that manifest necessity exists when one of the empaneled jurors is disqualified. *See, e.g., Tinney v. State*, 773 S.W.2d 364, 366 (Tex.App.—Fort Worth 1989, pet. ref'd) (collecting cases).

■ In this case, one of the jurors was absolutely disqualified. *See* TEX.CODE CRIM. PROC. ANN. arts. 35.16(a)(3) & 35.19 (Vernon 1989) (disqualifying potential jurors under indictment). Thus, as a matter of law, a manifest necessity existed for a mistrial, regardless of Rhodes' willingness to proceed. *See Ex parte Smith*, 817 S.W.2d 797, 800 (Tex.App.—Amarillo 1991, no pet.). Accordingly, when the trial court granted the State's motion for mistrial, Rhodes' initial jeopardy continued, rather than terminated. The trial court abused its discretion in implicitly finding to the contrary when it later granted habeas corpus relief. We therefore sustain the State's first point of error.

### Speedy Trial

■ In its second point of error, the State contends the trial court erred when it dismissed the information for violation of Rhodes' right to a speedy trial. We decline to reach the merits of this issue because Rhodes never raised her speedy trial rights in the trial court. *See Eubanks v. State*, 599 S.W.2d 815, 817 (Tex.Crim.App.1980); *State v. Estate of Brown*, 802 S.W.2d 898, 900 (Tex.App.—San Antonio 1991, no writ). We therefore overrule the State's second point of error.

### Conclusion

Because we sustain the State's first point of error, we reverse the trial court's dismissal order and reinstate Rhodes' information.

---

1. Our jurisdiction is based on TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon 1997). *See also State v. Manning*, 833 S.W.2d 322, 323 (Tex. App.—Waco 1992, no pet.) (permitting the State to appeal "any trial court order concerning an indictment or information").

SUPPLEMENTAL OPINION ON APPELLEE'S
MOTION FOR REHEARING

 In our original opinion, we held "a manifest necessity existed for a mistrial regardless of Rhodes' willingness to proceed." 966 S.W.2d at 612. As authority, we cited *Ex parte Smith,* 817 S.W.2d 797, 800 (Tex.App.—Amarillo 1991, no pet.). In her motion for rehearing, Rhodes criticizes our reliance on *Smith* and other felony cases because the Code of Criminal Procedure prohibits a defendant from waiving a jury of less than twelve. *See* TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon 1977). *Smith,* however, is not based on this premise, which the Court of Criminal Appeals recently overruled in *Hatch v. State,* 958 S.W.2d 813, 816 (Tex.Crim.App. 1997) (overruling *Ex parte Hernandez,* 906 S.W.2d 931 (Tex.Crim.App. 1995)).

Rhodes also argues in her motion for rehearing that the State cannot withhold consent to a defendant's election to proceed with fewer than the statutorily required number of jurors. We disagree. The Code of Criminal Procedure requires the State's consent to a defendant's waiver of a jury trial. TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon 1977). The same procedure applies to a defendant's subsequent waiver of the required number of jurors. *See Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930) (explaining that before a defendant may waive less than twelve jurors, "the consent of government counsel and the sanction of the court must be he had"); *Hanley v. State,* 909 S.W.2d 117, 119 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (applying article 1.13 to the waiver of less than six jurors in a misdemeanor case). Second, the State's refusal to consent to a defendant's waiver of the required number of jurors creates a manifest necessity to declare a mistrial. *See Hatch,* 958 S.W.2d at 816 n. 5. Accordingly, we deny Rhodes' motion for rehearing.