

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-15-00361-CR

Jimmy **VERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR5369
Honorable Raymond Angelini, Judge Presiding[1]

Opinion by:      Sandee Bryan Marion, Chief Justice
Concurring Opinion by:  Luz Elena D. Chapa, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
         Marialyn Barnard, Justice
         Luz Elena D. Chapa, Justice

Delivered and Filed:  June 15, 2016

     I respectfully disagree that Jimmy Vera waived his sole issue on appeal. Vera's issue is not

about the juror's mere inability to read or write in English, but about the juror's inability to speak

or understand English. A juror's inability to read or write in English is a disqualification that is

forfeitable by inaction, but a juror's inability to speak or understand English is a constitutional

disqualification that may only be waived affirmatively and with the State's consent. I nevertheless

---

[1] Sitting by assignment

concur in the judgment because the record does not demonstrate the trial court abused its discretion by denying Vera's motion for mistrial.

### WAIVER OF THE RIGHT TO TRIAL BY TWELVE JURORS

Vera's sole issue is that the trial court erred by proceeding over his objection to a newly sworn and empaneled juror who stated he did not "know" or "speak good English" and would have a problem easily understanding everything. Vera contends "[a] juror who cannot understand the proceedings is tantamount to no juror at all, resulting in a *de facto* jury of eleven" in violation of article 5, section 13 of the Texas Constitution, and article 36.29 of the Texas Code of Criminal Procedure. In essence, Vera posits that the trial court denied his constitutional right to a trial by twelve jurors because the trial court permitted a juror to serve when the juror did not speak or understand English and was unable to understand the proceedings.

The Texas Constitution "provides that the right of trial by jury shall remain inviolate" and that in district court, juries shall be composed of twelve persons. TEX. CONST. art. 1, § 15; art. 5, § 13. "[This right] cannot be considered as remaining inviolate when the jurors can neither speak nor understand the language in which the proceedings are had." *Lyles v. State*, 41 Tex. 172, 177 (1874) (reversing a felony conviction because the trial court permitted several people who did not speak and understand English to serve on the jury).

> If the trial by jury is to remain a substantial fact and an important right, and is not to be substituted by a legal fiction bearing the name, but wanting in the most important qualification of a jury, namely, the capacity to understand what the pleadings contain, what is said by the counsel in their addresses to the jury, and utterly unable to comprehend the charge of the court, then it is necessary that jurors unable to speak or understand the English language should be excluded from the panel.

*Lyles*, 41 Tex. at 177. The Court of Criminal Appeals summarily adopted *Lyles* in *Sullenger v. State*, 79 Tex. Crim. 98, 101-02, 182 S.W. 1140, 1142 (1916) (reversing judgment when one juror who did not speak English served on the jury).

A criminal defendant may waive his constitutional right to a trial by jury only if "the waiver [is] made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." TEX. CODE CRIM. PROC. ANN. art. 1.13 (West Supp. 2015); *accord* TEX. CONST. art. 1, § 15 (authorizing the legislature to regulate the right to trial by jury); *Stillwell v. State*, 466 S.W.3d 908, 911-12 (Tex. App.—Fort Worth 2015, no pet.). And a trial of a felony offense may not proceed with less than twelve jurors unless a defendant affirmatively consents to proceeding with less than twelve jurors and the State agrees. *See* TEX. CONST. art V, § 13 (requiring twelve jurors); TEX. GOV'T CODE ANN. § 62.201 (West 2013) (requiring the parties to agree to try the case with fewer than twelve jurors); *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex. Crim. App. [Panel Op.] 1980) (noting mistrial is appropriate when juror is disabled from sitting for any reason and defendant does not consent to proceeding); *State v. Rhodes*, 966 S.W.2d 610, 613 (Tex. App.—San Antonio 1998, no pet.) (holding state must agree to defendant's waiver of the required number of jurors); *Bates v. State*, 843 S.W.2d 101, 104 (Tex. App.—Texarkana 1992, no pet.) (holding "some affirmative act of waiver" is required); *see also Trinidad v. State*, 275 S.W.3d 52, 58 (Tex. App.—San Antonio 2008) ("The Constitutional right to a twelve person jury appears to be the type of right that requires special protection. It cannot be denied absent an express waiver."), *rev'd on other grounds*, 312 S.W.3d 23 (Tex. Crim. App. 2010).

The majority appears to suggest Vera waived his issue because he did not make a challenge for cause and instead moved only for a mistrial. However, article 35.16 defines "[a] challenge for

cause" as "an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury." TEX. CODE CRIM. PROC. ANN. art. 35.16 (West 2006). A party is not required to say magic words or recite a specific statute to preserve an issue. *Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012). Although Vera did not use the words "challenge for cause," Vera's motion for a mistrial was based on the juror's suggestion that he could not speak or understand English well enough to understand the proceedings. Thus, Vera made a "challenge for cause" as article 35.16 defines that term. *See* art. 35.16; *see also Carrillo*, 597 S.W.2d at 771 (noting mistrial is appropriate when juror is disabled from sitting and defendant does not consent to having less than twelve jurors). After the juror stated he had a problem understanding English, the trial court excused the jurors. Immediately after the jury left the courtroom, Vera moved for a mistrial due to the juror's inability to understand English.

The majority holds Vera waived his issue because he failed to inquire during voir dire whether anyone on the jury could not speak or understand English. The majority reasons that under article 35.16 of the Code of Criminal Procedure, a juror's inability to read or write in English is not an absolute disqualification. Article 35.16 enumerates several grounds for challenging jurors for cause. TEX. CODE CRIM. PROC. ANN. art. 35.16. Article 35.16 provides that some grounds may be waived, and others may not. *Id.* Although one of the waivable grounds is "[t]hat the juror cannot read or write," no part of article 35.16 addresses jurors who cannot *speak or understand* English. *See id.* When it had jurisdiction over criminal appeals, the Supreme Court of Texas explained why:

> The code does not, in express terms, make [the inability to speak or understand English] one of the disabilities of a juror; and the reason would seem to be, that neither the framers of the code nor the Legislature which approved and adopted it supposed it possible that jurors would be forced on a party to try a cause when they could neither speak nor understand the language in which the trial was had—the only language recognized in this State as the language to be used in the district or other courts, save the exceptions cited in this opinion.

*Lyles*, 41 Tex. at 177; *see Sullenger*, 79 Tex. Crim. at 102, 182 S.W. at 1142 (adopting *Lyles*). If a juror who does not speak or understand English is selected for a jury, the defendant's constitutional right to trial by twelve jurors is violated. *See Lyles*, 41 Tex. at 177; *Sullenger*, 79 Tex. Crim. at 102, 182 S.W. at 1142. Although the legislature may regulate the right to a trial by twelve jurors, article 35.16's "read or write" provision, which courts construe as an English literacy requirement, does not provide that a defendant's inability to speak or understand English may be waived by failing to raise a for-cause challenge during voir dire. *See* TEX. CONST. art. 1, § 15; art. 35.16; *Pineda v. State*, 2 S.W.3d 1, 8 & n.6 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

Lower courts have strayed from *Lyles* and *Sullenger* by conflating English literacy (the ability to read and write in English) with English comprehension (the ability to understand English). *See, e.g.*, *Stillwell*, 466 S.W.3d at 913; *Van Dalen v. State*, 789 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, no pet.); *Guzman v. State*, 649 S.W.2d 77, 79 (Tex. App.—Corpus Christi 1982, no pet.). In *Guzman v. State*, the court of appeals noted article 35.16's "literacy requirement may be waived," and then proceeded to hold—without citing any additional authority—that a juror's inability to understand English may also be waived. 649 S.W.2d at 79. The *Guzman* court held that if a party does not ask the veniremembers about their ability to speak and understand English, then any complaint raised after voir dire that a juror cannot speak or understand English is waived. *Id. Guzman*'s holding, and cases relying on *Guzman*'s holding (such as *Stillwell*[2] and *Van Dalen*), is problematic because literacy and comprehension are different. Literacy can be forfeited by inaction; comprehension requires an affirmative waiver. *See Saldano*

---

[2] The *Stillwell* court also cited *Montoya v. State*, 810 S.W.2d 160, 170 (Tex. Crim. App. 1989), for the proposition that "encompassed in [English literacy] challenge is a juror's inability to understand English." 466 S.W.3d at 912. But the *Montoya* court held a trial court *does not err* by excluding a juror who is unable to comprehend English because the juror cannot read and write in English and is excludable under article 35.16. 810 S.W.2d at 170. Thus, *Montoya* did not overrule *Lyles* or *Sullenger* and does not treat English comprehension and English literacy the same for waiver purposes.

*v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (noting the right to trial by jury is a waivable-only right that may not be forfeited by inaction). *Guzman*'s holding also assumes veniremembers who are unable to understand English are nevertheless able to understand and honestly respond to a question about their ability to understand English.

The majority also relies upon *Webb v. State*, 232 S.W.3d 109 (Tex. Crim. App. 2007), in which the Court of Criminal Appeals held the appellant waived a for-cause challenge of a juror who had served on the grand jury because appellant did not ask if any veniremember had served on the grand jury in the case. *Id.* at 113. The Court of Criminal Appeals in *Webb* did not overrule *Lyles* or *Sullenger* and held only that a non-absolute disqualification may be forfeited. *See id.* And unlike a juror who served on the grand jury that indicted the defendant, and unlike a juror who merely cannot read or write in English, a juror who is unable to speak or understand English will be unable "to understand what the pleadings contain, what is said by the counsel in their addresses to the jury, and utterly unable to comprehend the charge of the court." *See Lyles*, 41 Tex. at 177. This is "the most important qualification of a jury." *Id.*

Because a juror's inability to speak or understand English is a waivable constitutional disqualification, and not merely a forfeitable statutory ground to challenge for cause, Vera could waive the issue only by (1) waiving his right to a trial by jury in writing in open court; or (2) affirmatively consenting and the State agreed. *See* TEX. CONST. art V, § 13; TEX. GOV'T CODE ANN. § 62.201; *Carrillo*, 597 S.W.2d at 771; *Rhodes*, 966 S.W.2d at 613; *Bates*, 843 S.W.2d at 104. Vera did not waive his constitutional right to a trial by jury in writing in open court. Vera did not affirmatively consent, and the State did not agree, to proceeding with a juror who could not speak or understand English or to proceeding with fewer than twelve jurors. Vera's failure to ask

the veniremembers about their ability to speak and understand English did not waive his issue for appeal.

**ABUSE OF DISCRETION**

Although I disagree that Vera waived his sole issue on appeal, the record does not demonstrate the trial court erred by allowing the juror to serve. "The determination as to whether a juror is disabled is within the discretion of the trial court. Absent an abuse of that discretion, no reversible error will be found." *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). "We review a trial court's ruling on a challenge for cause with considerable deference because the trial judge is in the best position to evaluate a veniremember's demeanor and responses." *Gardner v. State*, 306 S.W.3d 274, 295-96 (Tex. Crim. App. 2009). "When a veniremember's answers are ambiguous, vacillating, unclear, or contradictory, we give particular deference to the trial court's decision." *Id.* at 296.

The only indication that the challenged juror could not speak or understand English was the juror's statement that he "[had] a problem because I don't know – I no speak good English." Vera did not further inquire into the juror's ability to understand what was being said. The trial court briefly conversed with the juror in English about the juror's citizenship, and the juror was able to understand and respond in English. The juror also stated, "I can talk like just, I don't understand easily everything." Because the trial court was able to observe the juror's demeanor and responses, and some of the juror's responses indicated he could speak and understand English, we defer to the trial court's determination. Therefore, the trial court did not abuse its discretion and Vera's conviction must be affirmed.

Luz Elena D. Chapa, Justice

PUBLISH