

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-18-00270-CR

**CRAIG HAWKINS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. DC-F201800413**

_____

## MEMORANDUM OPINION

_____

Craig Hawkins appeals from a conviction for delivery of a controlled substance of four or more but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. §481.112(d). In seven issues, Hawkins complains that the trial court: (1) erred by denying his motion for mistrial because one juror was not fluent in English; (2) abused its discretion in the admission of evidence due to the failure to properly authenticate it; (3) abused its discretion in the admission of recordings of an extraneous offense because they were not relevant and were not admissible pursuant to Rules 403 and 404(b) of the

Rules of Evidence; (4) abused its discretion in the admission of drugs and lab results from the same extraneous offense because they were not relevant and were not admissible pursuant to Rules 403 and 404(b) of the Rules of Evidence; (5) abused its discretion in allowing the testimony regarding that same extraneous offense because it was not relevant and was not admissible pursuant to Rules 403 and 404(b) of the Rules of Evidence; (6) abused its discretion by allowing testimony regarding an additional extraneous offense because the evidence was not relevant and the prejudicial effect outweighed any probative value; and (7) abused its discretion in the admission of testimony by an expert witness because the testimony was not relevant and the prejudicial effect outweighed any probative value. Because we find no reversible error, we affirm the judgment of the trial court.

## IMPROPER JUROR

In his first issue, Hawkins complains that the trial court erred by denying his first motion for mistrial after it was discovered after the jury was empaneled and sworn that a juror was not fluent in understanding, reading, or speaking English. After the jury was selected and discharged for the day, the bailiff approached the trial court and informed the judge that one of the jurors did not understand the instructions that were given prior to them being allowed to leave for the day. The trial court met individually with the juror and went over each instruction with the juror. The juror stated that she understood each of them. The record is unclear as to whether

counsel for Hawkins and the State were present, but neither attempted to question the juror on the record if they were present. The next morning, the bailiff approached the trial court to inform him that the same juror had approached one of the attorneys that morning after not heeding the instructions about where to go upon arrival. The juror had also required assistance to fill out the paperwork for the jurors to be paid for their service. The trial court once again met with the juror, who informed the trial court that she only had a 9th grade education and did not read English very well. She was unsure if she would be able to understand written evidence presented during the trial. Again, the record is not clear as to whether the State and counsel for Hawkins were present during the conversation, but neither attempted to question the juror on the record during this conversation either.

After the conversation with the juror, counsel for Hawkins moved for a mistrial, alleging that the juror was not qualified to sit on the jury panel because of her inability to read, speak, or comprehend English and that to allow the juror to sit on the panel constituted a violation of the United States and Texas Constitutions. The trial court denied the motion for mistrial and the juror remained on the panel.

In this appeal, Hawkins argues that his constitutional right to twelve jurors pursuant to Article 1, Section 15 of the Texas constitution and his statutory right to a jury of twelve members was violated because the juror was allowed to remain on the panel. To the degree that Hawkins is complaining of a statutory violation regarding the

juror, article 35.16(a) of the Code of Criminal Procedure lists the grounds available for a challenge for cause, and expressly states that a challenge based on the inability to read or write may be waived. TEX. CODE CRIM. PROC. art. 35.16(a) (stating that challenges based on a potential juror's prior conviction, current indictment, and insanity may not be waived, but "[a]ll other grounds for challenge may be waived by the party . . . in whose favor such grounds of challenge exist"). Therefore, apart from those three exceptions, the failure to make a timely objection to a juror's qualifications under article 35.16 waives the right to challenge those qualifications on appeal. *Mayo v. State*, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999) (holding that such qualifications are waivable in a criminal case); *Vera v. State*, 496 S.W.3d 293, 295 (Tex. App.—San Antonio 2016, pet. ref'd) (same). Hawkins never questioned the juror regarding her ability to read or write during voir dire and the questions regarding the juror's qualifications did not arise until after the jury had been empaneled and sworn. Because Hawkins did not make a timely objection, his statutory complaints have been waived. *See Vera*, 496 S.W.3d at 295.

Hawkins argues that the juror's purported lack of fluency in English resulted in him being tried by a jury of less than twelve persons as required by the Texas constitution. We disagree. While the complete lack of fluency might result in such a determination, the trial court determined that the juror was able to communicate with the trial court adequately and Hawkins never attempted to show that the juror was wholly unable to speak, read, or comprehend English. We cannot say that, in this case,

Hawkins was deprived of twelve jurors, and the trial court did not err by denying his motion for mistrial. We overrule issue one.

## AUTHENTICATION OF EXHIBITS

In his second issue, Hawkins complains that the trial court abused its discretion by overruling his objection to the admission of four exhibits because they were not properly authenticated. The four exhibits consisted of the outside packaging and the drugs from the instant offense and from a prior transaction which was admitted as an extraneous offense. Hawkins argues that the chain of custody was not properly established because the confidential informant who purportedly purchased the drugs from Hawkins did not identify the drugs or the outside packaging prior to its admission into evidence.

We review a trial court's ruling on an authentication issue under an abuse of discretion standard. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018); *Watson v. State*, 421 S.W.3d 186, 190 (Tex. App.—San Antonio 2013, pet. ref'd). We will uphold a trial court's admission of evidence so long as its decision is within the zone of reasonable disagreement. *Fowler*, 544 S.W.3d at 848; *Watson*, 421 S.W.3d at 190.

Rule 901 of the Texas Rules of Evidence governs the authentication requirement for the admissibility of evidence and requires the proponent to produce sufficient evidence to support a finding that the evidence is what the proponent claims it is. TEX. R. EVID. 901(a); *Fowler*, 544 S.W.3d at 848. Part of the authentication test is whether the

chain of custody was properly preserved. *Watson*, 421 S.W.3d at 190; *Mitchell v. State*, 419 S.W.3d 655, 659 (Tex. App.—San Antonio 2013, pet. ref'd). The chain of custody is sufficiently authenticated when the State establishes "the beginning and the end of the chain of custody, particularly when the chain ends at a laboratory." *Watson*, 421 S.W.3d at 190. The State can prove links in the chain with circumstantial evidence. *Watson*, 421 S.W.3d at 190.

Hawkins argues that the chain of custody was not sufficiently established because the confidential informant who allegedly purchased the drugs from Hawkins did not identify the drugs during the trial. As to the part of this issue regarding the outer packaging of the exhibits, the confidential informant would never have been able to properly identify those because he had never seen the packaging the officer stored the drugs in once they were in the possession of law enforcement. The officer who placed the drugs into the packaging identified each one; therefore, Hawkins's complaint regarding the outer packaging in the two exhibits is overruled.

As to his complaint regarding the exhibits that contained the actual drugs from the two transactions, we find that those exhibits were adequately authenticated as well. The informant was searched prior to both transactions and no drugs were found on his person, although he did have his wallet on his person for the extraneous transaction which could have held drugs. Law enforcement observed him throughout the transactions. The informant returned straight to law enforcement where he

immediately turned the drugs over to law enforcement. The officer who received the drugs from the confidential informant testified that he received the drugs from the informant and what he did with the drugs and then identified them as the exhibits in the trial. It was not necessary for the informant to identify the drugs in order for them to be adequately authenticated. We overrule issue two.

EXTRANEOUS OFFENSE EVIDENCE

In his third issue, Hawkins complains that the trial court abused its discretion by admitting recordings of an extraneous transaction between Hawkins and the confidential informant that took place on August 15, approximately three weeks before the September 8 transaction for which Hawkins was tried, because they were irrelevant and inadmissible pursuant to Rules 404(b) and 403 of the Rules of Evidence. In his fourth issue, Hawkins complains of the admission of the drugs and the lab results of the drugs allegedly purchased during the August 15 transaction because they were irrelevant and inadmissible pursuant to Rules 404(b) and 403 of the Rules of Evidence. In his fifth issue, Hawkins complains of the admission of testimony regarding the August 15 transaction because they were irrelevant and inadmissible pursuant to Rules 404(b) and 403 of the Rules of Evidence. Both Hawkins and the State argued these issues together; therefore, we will discuss them jointly as well.

On August 15, several weeks prior to the September 8 drug transaction which serves as the basis for Hawkins's conviction, another transaction took place between

Hawkins and the confidential informant where law enforcement gave the informant money to purchase drugs from Hawkins. Hawkins and the informant met at the same location in the same vehicle as the earlier transaction. Two video recordings were made of the transaction, but neither recording showed Hawkins or the drugs changing hands. Prior to trial, the trial court conducted a hearing on the admissibility of the extraneous offenses pursuant to Rules 404(b) and 403. Hawkins objected to the admission of the video recordings, the drugs allegedly purchased, and the testimony relating to the August 15 transaction both prior to and during the trial. At the pretrial hearing, the trial court heard testimony of an officer who was in charge of the transaction and ruled that the extraneous offense evidence, which included videos, drugs, and testimony, would be admissible. During the trial, the trial court overruled Hawkins's objections to the evidence.

**RULE OF EVIDENCE 401/402**

Hawkins argues that the trial court abused its discretion in admitting the videos, the exhibits, and the testimony regarding the August 15 transaction because the evidence was irrelevant. Evidence is relevant if it tends to make the existence of any consequential fact more or less probable than it is without the evidence. TEX. R. EVID. 401; *Moralez v. State*, 450 S.W.3d 553, 569 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Extraneous-offense evidence is relevant if it logically makes elemental facts, such as intent or knowledge more or less probable, or if it makes the defense's evidence

attempting to undermine these elemental facts more or less probable. *Montgomery v. State*, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1991) (op. on reh'g). Hawkins argues the extraneous evidence was irrelevant because it did not make any elemental facts more or less probable.

The evidence regarding the extraneous offense gave some context to the relationship between Hawkins and the confidential informant. It established how law enforcement was able to determine the identity of the individual the confidential informant knew only as "Jeezy," later determined to be Hawkins. The identity of Jeezy was unknown to law enforcement prior to the August 15 transaction. Additionally, during that transaction, "Jeezy" asked the informant if he wanted to buy "cream," referring to methamphetamine, which was part of what was purchased by the informant in the September 8 transaction for which Hawkins was tried. The evidence showed the existence of facts relating to the offense for which Hawkins was being tried to be more likely than they would be without the evidence. The trial court did not err in determining that evidence of the extraneous offense was relevant to the charged offense. *See Hernandez v. State*, 171 S.W.3d 347, 360-61 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

## RULE 404(B)

Hawkins also argues the trial court erred in admitting the video evidence, the drugs purportedly purchased, and the testimony regarding the August 15 transaction

because the evidence was prohibited under Texas Rule of Evidence 404(b). Under Rule 404(b), evidence of an extraneous offense may be admitted if it has relevance apart from its tendency to prove the character of a person in order to show that the person acted in conformity therewith. *See* TEX. R. EVID. 404(b). Evidence has relevance apart from this character-conformity purpose when the evidence tends to establish some elemental fact, such as proof of motive, intent, plan, or absence of mistake or accident. *See* TEX. R. EVID. 404(b).

Hawkins argues the evidence relating to the August 15 transaction was not admissible pursuant to Rule 404(b) because it was used to show that Hawkins was a drug dealer and acted in conformity with his criminal character. We conclude that the video evidence and the testimony regarding the August 15 transaction was relevant for other purposes. As set forth above, the existence and identity of Hawkins were unknown to law enforcement prior to the August 15 transaction. During the transaction, law enforcement was able to observe Jeezy and the vehicle he used for the transaction. The vehicle was not registered to Hawkins, but he used it for both transactions. Later, law enforcement was able to trace the identity and residence of Hawkins based on what they learned at the August 15 transaction. In addition, the video evidence was relevant to connect Hawkins to the later purchase of methamphetamine which serves as the basis of this conviction by his question to the informant of whether he wanted to purchase "cream" at a later date, which was

relevant to establish intent. *Gately v. State*, 321 S.W.3d 72, 81 (Tex. App.—Eastland 2010, no pet.).

We conclude the evidence of the August 15 transaction was admissible for permissible purposes. *See* TEX. R. EVID. 404(b). The trial court did not abuse its discretion in admitting the extraneous offense evidence pursuant to Rule 404(b).

**RULE 403**

Hawkins also argues the trial court abused its discretion in admitting evidence of the August 15 transaction because the probative value of the evidence was substantially outweighed by its potential prejudice under Texas Rule of Evidence 403. Texas Rule of Evidence 403 allows that evidence otherwise relevant may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Montgomery*, 810 S.W.2d at 389; *Moralez*, 450 S.W.3d at 569. A proper Rule 403 analysis by either the trial court or a reviewing court includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *De La Paz v. State*, 279 S.W.3d 336, 349 (Tex. Crim. App. 2009); *Erazo v. State*, 144 S.W.3d 487,

489 (Tex. Crim. App. 2004).

Hawkins asserts the evidence regarding the August 15 transaction prejudiced the jury because it showed the jury that Hawkins was a drug dealer. The evidence of the extraneous offense is probative because it compels one to conclude that there were facts of consequence that were made more probable with the evidence, such as the mode and method of the transactions. *See Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000). Additionally, there is substantial evidence that Hawkins committed the extraneous offense. *See id*. (holding that the first factor is related to the strength of the evidence that appellant in fact committed the extraneous offense). Several witnesses observed various phases before, during, and after the August 15 transaction and confirmed that Hawkins was a participant in the transaction, even if his identity was unknown at that time. The first factor weighs heavily in favor of finding that the probative value of the evidence is not substantially outweighed by its potential to cause prejudice.

As to the second factor, we do not find that the evidence of the August 15 transaction had the potential to impress the jury in some irrational way. Rather the evidence created a rationally-based impression that connected the two transactions by the same offense of delivery of a controlled substance, the same or similar drugs involved (black-tar heroin and the offer to sell methamphetamine at a later date), that occurred at the same location between the same parties in the same vehicle. This factor also weighs in favor of finding the evidence admissible.

The third factor weighs in favor of finding the evidence prejudicial. The State spent a substantial amount of time developing the evidence through the testimony of several witnesses.

Under the fourth factor, the State's need to develop evidence of the August transaction was significant. The State could not obtain a conviction based solely on the confidential informant's testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141. There was no video or audio evidence of the actual transaction for which Hawkins was convicted. The informant's memory was at times confused and was attacked by Hawkins. We conclude that a balance of the factors shows that the trial court did not abuse its discretion in concluding that the potential for prejudice did not substantially outweigh the probative value of the evidence. *See* TEX. R. EVID. 403.

Having rejected all of appellant's contentions regarding the admission of the videos, the exhibits, and the testimony regarding the August 15 transaction, we overrule issues three, four, and five.

### SECOND EXTRANEOUS OFFENSE TESTIMONY

In his sixth issue, Hawkins complains that the trial court erred by allowing testimony about an extraneous transaction between the confidential informant and Hawkins that was ultimately shown to have allegedly taken place on August 31 and involved a fire hydrant. At trial, during the State's direct examination of the confidential informant, the informant was apparently unable to distinguish between

several transactions with Hawkins and gave testimony regarding a third transaction which had occurred on August 31 where drugs were left on a fire hydrant. The first time the fire hydrant was mentioned, Hawkins objected pursuant to Rule 602 regarding refreshing his memory, which the trial court asked the State to rephrase its question. The informant mentioned the fire hydrant several times thereafter pursuant to questions by the State relating to the September 8 transaction. On cross-examination, Hawkins was asked several times about whether or not he got the drugs off of the fire hydrant on the date of the offense for which Hawkins was convicted, September 8. The informant testified two different times during cross-examination that this was correct that he got the drugs off of the fire hydrant on September 8. On redirect by the State, the State informed the trial court that it needed to present clarification regarding the drug buys but would attempt to do so without informing the jury that there was another extraneous transaction, which had occurred on August 31 and involved Hawkins leaving the drugs on a fire hydrant. At a discussion held outside of the presence of the jury, counsel for Hawkins again objected pursuant to Rule 602 and that the State was improperly trying to enhance the informant's memory. The trial court overruled Hawkins's objections.

The State then questioned the informant during its redirect examination regarding the location of the September 8 purchase. The informant asserted that the transaction took place in Hawkins's vehicle, and on his own initiative added that the

fire hydrant involved a "different buy." Counsel for Hawkins objected pursuant to Rule 404(b) and his objection was sustained by the trial court. Hawkins did not request that the trial court instruct the jury to disregard the testimony. The State continued its redirect examination and Hawkins then briefly cross-examined the informant again regarding the September 8 purchase. At the conclusion of the informant's testimony, Hawkins made a motion for mistrial in which he argued that the evidence was not admissible pursuant to Rule 404(b) and was unfairly prejudicial, which the trial court denied.

On appeal, Hawkins argues that the evidence was not admissible pursuant to Rule 404(b) of the Rules of Evidence and that the trial court erred by not conducting a balancing test as required by Rule 403. In his brief, although he mentions that he made a motion for mistrial, he does not argue that the trial court erred by denying his motion for mistrial. Insofar as Hawkins argues that the trial court erred pursuant to Rule 403, to whatever degree an objection to Rule 403 was made during the motion for mistrial, it was not made timely. In order to preserve error, a timely objection must be made on the legal theory pursued on appeal. *See* TEX. R. APP. P. 33.1(a). The objection should have been made at the time the error became apparent, which was at the time it became clear that the confidential informant was describing a third transaction. Hawkins did not object pursuant to Rule 403 until he referenced its language in passing during his motion for mistrial. Any complaint regarding Rule 403 was not preserved for appeal.

Regarding Rule 404(b), the trial court sustained Hawkins's objection when he made the objection before the jury. Hawkins did not ask for an instruction to disregard the evidence after the trial court sustained his objection. To the degree that his issue on appeal complains of the trial court's alleged error pursuant to Rule 404(b), he received the relief he sought by the trial court's sustaining of his objection. There was no reversible error regarding the admission of the testimony pursuant to Rule 404(b) because there was no adverse ruling.

Further, Hawkins does not argue that the trial court erred by denying his motion for mistrial and provides no authorities in support of that proposition or to explain how the failure to request a limiting instruction would not have been sufficient to ameliorate any error. Because Hawkins has not argued that the denial of the motion for mistrial was in error, we will not address the denial of the motion for mistrial. We overrule issue six.

### EXPERT TESTIMONY

In his seventh issue, Hawkins complains that the trial court erred by allowing the admission of testimony of an expert witness on the illegal manufacture, distribution, and use of controlled substances. The expert witness was the commanding officer of the special crimes unit whose focus was primarily on drug crimes. This unit was the agency that made an agreement with the confidential informant and who was in charge of the transactions and investigation. After the State established the witness's

qualifications to testify as an expert and asked that he be considered an expert witness, counsel for Hawkins objected to the relevance of the expert's testimony. Counsel for Hawkins did not challenge the qualifications of the expert. The trial court granted the State's request to allow the officer to testify as an expert. The trial court did not rule at that time on the relevancy objection but stated that counsel for Hawkins should object to each particular question to which he had an objection.

During the witness's testimony, the only question to which counsel for Hawkins objected was, "Is there a drug problem in Johnson County?" This question was asked after a series of detailed questions about the purchase and use of methamphetamine and heroin, including black-tar heroin. Hawkins objected to the relevance of the question because Hawkins was "on trial for a specific allegation, and just generally talking about heroin and methamphetamine drugs and things he's testifying to is not relevant to the charges." The trial court overruled the objection and counsel for Hawkins did not ask for a running objection to the testimony or make another objection.

In this appeal, Hawkins argues that the entirety of the testimony was not relevant and that the trial court erred by not conducting a balancing test pursuant to Rule 403 of the Rules of Evidence. However, Hawkins did not object to the testimony pursuant to Rule 403; therefore, any complaint regarding Rule 403 was waived because he did not make that complaint to the trial court. *See* TEX. R. APP. P. 33.1(a).

Additionally, any complaints regarding the testimony given by the expert other than the response to the single question was waived because no timely objection was made to any of that testimony. *See id*. Thus, our review of this issue is limited to the single question of whether there is a drug problem in Johnson County, and the answer given, which was "Yes, ma'am, we do have a drug problem in Johnson County." Even if we assume that the question was not relevant, we find that the error, if any, did not constitute reversible error because in our evaluation of the entire record, the answer to that single question did not affect Hawkins's substantial rights and was therefore to be disregarded. *See* TEX. R. APP. P. 44.2(b). We overrule issue seven.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill*
Affirmed
Opinion delivered and filed August 10, 2020
Do not Publish
[CRPM]

*(Justice Neill concurring in part with the following note: Justice Neill concurs. A separate opinion will not issue. I join the majority opinion in this case with the following comments. It has always been inconceivable to me that a challenge for cause to a potential juror's qualifications can be waived if not made prior to the jury being

seated, particularly when the reason(s) for the potential juror's disqualification is never disclosed. A jury panel of 60 is seated in the courtroom; the panel is sworn and asked "if anyone is unable to read and write please raise your hand"; no one responds; the jury is selected and seated. Later, it is brought to the court's attention that one of the jurors has come forward and acknowledged that she is unable to read and write. Counsel objects and moves for a mistrial at the very first opportunity that it was brought to his attention that the juror may not be qualified. Too late. Somehow, someway, counsel should have discerned, during jury selection, that the non-responding prospective juror was in someway not qualified to serve, and counsel must challenge for cause before the jury is selected and seated. Does not make sense. But, such is the law as it exists at this time.)

