**Opinion filed September 25, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00179-CR

_____

## CLYDE DALE EVANS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 18207**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Clyde Dale Evans, of the offense of evading arrest or detention with a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2024). The jury found two enhancement paragraphs to be "true" and assessed Appellant's punishment at thirty-seven years' imprisonment. *See id.* § 12.42(d) (West 2019). In a single issue on appeal, Appellant contends that "the trial court erred in allowing [jurors] to sit on the jury

who indicated a bias or prejudice without allowing further inquiry into their bias or prejudice."[1]  We modify and affirm.

## I. *Factual and Procedural History*

On July 4, 2023, Mineral Wells Police Officer William Starr was on patrol when he recognized Appellant's vehicle and received an alert that Appellant had an outstanding warrant.  Officer Starr observed that Appellant's vehicle registration was expired, and the vehicle's right brake lamp was defective.  When Officer Starr attempted to initiate a traffic stop, Appellant accelerated his vehicle and turned several times before disregarding a red light.  Appellant thereafter abandoned his moving vehicle and ran toward a nearby residence, where Appellant was apprehended without further incident.

During voir dire, the State explained that it bore the burden of proof at trial and that Appellant was presumed innocent.  Then, over the course of sixty-six pages, Appellant's trial counsel questioned the venire panel, asking the panel whether, he "should have to," or they would "require" him to "put on a defense or call witnesses or ask questions."  To this questioning, the veniremembers answered in terms of what they would require Appellant's trial counsel to do, such as present rebuttal evidence; but notably, the veniremembers were not asked whether they would imply that Appellant was guilty if his attorney failed to present rebuttal evidence.  Appellant also inquired whether they would be "more apt to believe a law enforcement officer over a lay witness."

---

[1]After Appellant's counsel filed an appellate brief, Appellant filed a pro se brief raising a claim of ineffective assistance of counsel.  Because Appellant is currently represented by counsel, we do not consider his pro se brief.  *See Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (holding that an appellant is not entitled to "hybrid representation" on appeal) (quoting *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995)); *see also, e.g.*, *Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006) (refusing to consider appellant's pro se brief where appellant was represented by counsel on appeal); *Vera v. State*, 496 S.W.3d 293, 295 n.1 (Tex. App.—San Antonio 2016, pet. ref'd) (same); *Yarbrough v. State*, No. 11-13-00146-CR, 2014 WL 4373997, at *1 n.4 (Tex. App.—Eastland Sept. 4, 2014, pet. ref'd) (mem. op., not designated for publication) (same).

At the close of voir dire, outside the venire panel's presence, the trial court asked counsel for the parties if they had any challenges for cause. Appellant challenged thirty-two veniremembers, asserting bias on grounds that they required him to present a defense or favored law enforcement. The trial court denied all of Appellant's challenges for cause, reasoning:

> [T]hey clearly said that -- their answers were if they found -- if the State's evidence proved your client guilty, they would expect you to do something, yes, because, again, you have a duty to represent your client, and that's essentially all they were saying, is they would expect you to do your job. That's essentially all they were saying.
>
> And then the second one was challenging the credibility -- or giving law enforcement extra credit or credibility, those issues. That's not a challengeable for cause issue.

Four of the thirty-two veniremembers that were challenged for cause during trial were ultimately seated as jurors. Only two of these that were empaneled on the jury are addressed in Appellant's brief: Juror Nos. 23 and 25.

## II. *Standard of Review and Applicable Law*

The United States Supreme Court "has long held that a trial judge has broad discretion in the manner it chooses to conduct voir dire, both as to the topics that will be addressed, and the form and substance of the questions that will be employed to address them." *Jacobs v. State*, 560 S.W.3d 205, 210 (Tex. Crim. App. 2018). The trial court may also interject and exclude voir dire questions that are confusing, misleading, vague, or are improper commitment questions. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012).

"We review a trial court's ruling regarding the limitation of voir dire questioning for an abuse of discretion." *Id.*; *Espinosa v. State*, No. 11-22-00100-CR, 2024 WL 1862786, at *4 (Tex. App.—Eastland Apr. 30, 2024, no pet.) (mem. op., not designated for publication). "To constitute an abuse of discretion, the trial

court's voir dire limitation must 'render the defendant's trial fundamentally unfair.'" *Jacobs*, 560 S.W.3d at 212 (quoting *Mu'Min v. Virginia*, 500 U.S. 415, 425–26 (1991)).

### III. *Analysis*

In his single issue on appeal, Appellant broadly argues that the trial court should have "permitted him" additional questioning of the panel regarding their bias or prejudices[2] "after making it clear that it felt Trial Counsel did not have challenges for cause that were valid."

"The Sixth Amendment guarantees the right to a trial before an impartial jury." *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004). The right to question veniremembers to exercise peremptory challenges intelligently is an essential part of that Sixth Amendment guarantee. *Id.*; *see also Gonzales v. State*, 994 S.W.2d 170, 171 (Tex. Crim. App. 1999) ("[T]he right to pose proper questions during voir dire examination is included within the right to counsel under Article I, § 10, of the Texas Constitution.").

Voir dire is one of the most important portions of any jury trial. *See McCoy v. Wal–Mart Stores, Inc.*, 59 S.W.3d 793, 801 (Tex. App.—Texarkana 2001, no pet.). Voir dire determines the makeup of the jury that may not only determine guilt but may also assess punishment. It permeates the entire trial.

The laws that govern jury selection are designed to ensure that juries in criminal cases are fair to both sides. *See Sanchez v. State*, 165 S.W.3d 707, 710–11 (Tex. Crim. App. 2005). The purposes of voir dire include, (1) eliciting information that would establish a basis for a challenge for cause because the veniremember is legally disqualified from serving or is biased or prejudiced for or against one of the

---

[2]A valid challenge for cause may be asserted by a defendant if a potential juror has a bias or prejudice against (1) the defendant or (2) any law that is applicable to the case and upon which the defendant is entitled to rely at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9), (c)(2) (West 2006).

parties or some aspect of the relevant law; (2) facilitating the intelligent use of peremptory challenges that may be exercised without a reason stated, without inquiry and without being subject to the court's control; and (3) establish rapport with the prospective jury members. *Id.* (internal quotation marks omitted).

To the extent that Appellant challenges the trial court's rulings on his challenges for cause, he failed to preserve error. In this regard, if the trial court "errs in overruling a challenge for cause against a venire member, then the appellant must show that he was harmed because he was forced to use a peremptory strike to remove the venire person and that he suffered a detriment from the loss of that peremptory strike." *Buntion v. State*, 482 S.W.3d 58, 83 (Tex. Crim. App. 2016) (citing *Chambers v. State*, 866 S.W.2d 9, 22 (Tex. Crim. App. 1993)). To preserve this error for review, Appellant needed to use all of his peremptory strikes and then to ask for and be refused additional peremptory strikes. *Id.* Appellant must also demonstrate that he had been "forced to take an identified objectionable juror whom appellant would not otherwise have accepted had the trial court granted his challenge for cause (or granted him additional peremptory strikes so that he might strike the juror)." *Id.* Because Appellant did not request additional peremptory challenges after the trial court's rulings on his challenges for cause based on bias or prejudice, he has not preserved error with respect to the trial court's rulings. *See id.* We therefore express no opinion as to propriety of the trial court's rulings regarding Appellant's challenges for cause.

However, Appellant's challenge on appeal is that the trial court erred by not allowing his trial counsel an opportunity to further question the prospective jurors. Appellant, however, provides no references to *where in the record that he requested and was denied* the opportunity to question veniremembers further. *See* TEX. R. APP. P. 33.1(a). Having reviewed the record, we find no such requests by Appellant or limitations imposed by the trial court. Voir dire spans 179 pages of the reporter's

record, sixty-six of which contain voir dire conducted exclusively by Appellant's trial counsel. The questioning of the venire panel by Appellant's trial counsel ended with counsel telling the trial court that he believed he was done. Then, during a discussion at the bench concerning the parties' challenges for cause, the State noted that if Appellant intended to challenge the thirty individuals referenced, the State would then need the opportunity to "rehab the whole panel." While Appellant, in fact, challenged thirty-two veniremembers for cause, Appellant's requests were denied, and Appellant did not then similarly request that he have an opportunity to recall the panel or ask special veniremembers additional questions.

To the extent that Appellant impliedly argues that the trial court had a sua sponte duty to question the venire or expand the voir dire, he provides no authority in support of his argument. *See* TEX. R. APP. P. 38.1(i); *Robinson v. State*, 685 S.W.3d 217, 220–21 n.2 (Tex. App.—Fort Worth 2024, no pet.) (defendant failed to adequately brief on appeal argument that trial court had some sua sponte duty to intervene during voir dire and thus, appellate court would not address the argument). We find no authority provided for Appellant's claim of a sua sponte duty incumbent upon the trial court.

Because Appellant failed to demonstrate that his questioning or the venire had been limited, we hold that the trial court did not abuse its discretion. *See Hernandez*, 390 S.W.3d at 315. We overrule Appellant's sole issue.

## IV. *This Court's Ruling*

We have the authority to modify and reform judgments when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also Smith v. State*, No. 11-22-00224-CR, 2024 WL 628920, at *4 (Tex. App.—Eastland Feb. 15, 2024, no pet.) (mem. op., not designated for publication) ("This court's power to modify a judgment is 'not

6

dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.'" (quoting *Asberry v. State,* 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd))). The trial court's judgment lists the statute for the charged offense as Sections 38.04(a) and (b)(1) of the Penal Code. *See* PENAL § 38.04. However, Appellant was indicted and convicted of the third-degree felony offense of evading arrest or detention with a vehicle pursuant to Section 38.04(b)(2)(A) of the Penal Code. *See id.* § 38.04(a), (b)(2)(A).

Accordingly, we modify the trial court's judgment in the section titled "Statute for Offense" to replace "38.04(a),(b)(1)" with "38.04(a), (b)(2)(A)." We affirm the judgment of the trial court as modified.


W. BRUCE WILLIAMS
JUSTICE


September 25, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7